UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                       :
BEDMINSTER FINANCIAL GROUP, LTD.,            :
WILLIAM MIDDLETON, and ALBERT PLEUS  :
                                    Plaintiffs,        :              12 Civ. 5557 (JPO)
                                                       :
                        -against-                      :          MEMORANDUM AND
                                                       :                  ORDER
UMAMI SUSTAINABLE SEAFOOD, INC.,             :
AURORA FJARESTINGAR, LTD., and OLI           :
VALUR STEINDORSSON                           :
                                    Defendants.  :
                                                       :
---------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

        Presently before the Court are Plaintiffs' motion to remand and to award attorneys' fees

and costs, and Defendants' motion to dismiss.  For the reasons that follow, this case is remanded

to the Supreme Court of the State of New York, Plaintiffs' motion for attorneys' fees and costs is

denied, and Defendants' motion to dismiss is denied as moot.

I.      **Background**

        On June 7, 2012, Plaintiffs filed the Complaint in this case in the Supreme Court of the

State of New York, County of New York, alleging numerous state law causes of action.  On July

18, 2012, Defendant Umami Sustainable Seafood, Inc. ("Umami") filed a notice of removal ("the

Notice") pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  In the Notice, counsel for Umami

represented that Defendant Oli Valur Steindorsson ("Steindorsson") "consented to this removal

without waiving any defenses that Steindorsson may have, including but not limited to defenses

to inadequate service of process, personal jurisdiction, or improper venue."  Regarding

1

Defendant Aurora Fjarestingar, Ltd. ("Aurora"), Umami stated in the Notice that "Aurora has not been served in the State court action."

Though diverse for purposes of federal jurisdiction, the defendants are closely related: Aurora is wholly owned by Steindorsson, who is also majority shareholder of Umami and CEO of both Aurora and Umami. The parties agree that on June 18, 2012, Plaintiffs served Umami with a summons and complaint originating in New York state court. The parties adopt different views of service on Steindorsson and Aurora. Because the Court grants the motion to remand on the basis of a breach of the rule of unanimity, it is only necessary to consider Steindorsson.

A process server attempted service on Steindorsson at Umami's office in San Diego, California on June 12, 13, and 14 of 2012 before delivering the Summons and Complaint to a person of suitable age and discretion at Umami's office for delivery to Steindorsson. That same day—June 18, 2012—the service papers were mailed to Steindorsson at Umami, his usual place of business. Plaintiffs filed Proof of Service on Steindorsson with the New York Supreme Court on June 25, 2012, and then re-filed a copy of that Proof of Service with this Court on July 31, 2012. Although Steindorsson did not join the Notice filed by Umami, he did authorize counsel to Umami to indicate his consent to removal in that Notice. Further, he now indicates in a written declaration dated September 19, 2012 that "I expressly consent to the removal of the above-captioned matter to federal court without waiving any defenses I may have, including but not limited to inadequate service of process, lack of personal jurisdiction or improper venue, just as I consented to removal as of July 18, 2012." Steindorsson disputes "any contention that I have been properly served with the complaint and summons in this action."

The parties do not dispute that the requirements of diversity jurisdiction—complete diversity of citizenship and the amount in controversy requirement—are satisfied in this case.

2

Plaintiffs, however, have filed a motion to remand this case back to state court on the ground that Umami failed to obtain the consent of Aurora and Steindorsson to removal prior to filing the Notice.  In that motion, Plaintiffs request attorneys' fees and costs.

After the Notice was filed, but before Plaintiffs filed their motion to remand, Plaintiffs requested and received a Clerk's Certificate of Default as to Steindorsson and Aurora.  Plaintiffs have not filed any papers with this Court requesting the entry of default judgment.

## II.    Motion to Remand

### A.    Removal

Federal courts are courts of limited jurisdiction.  *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993).  Therefore, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress."  *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

"To remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint."  *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 622 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1446).  "If the plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper."  *Id.* at 623 (citations omitted).

Courts police compliance with the rules governing removal with particular care to control the federal docket and to respect the independence of state courts.  *See, e.g.*, *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (Lynch, J.).  Accordingly, it is well established that "[t]he party asserting federal jurisdiction generally bears the burden of proving that the case is properly in federal court."  *See Goel v. Ramachandran*, 823 F. Supp. 2d 206, 210 (S.D.N.Y. 2011) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*,

298 U.S. 178, 189 (1936)).  In other words, "[w]hen the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof."  *Stan Winston*, 314 F. Supp. 2d at 179 (quotation marks and internal citations omitted).  All doubts are resolved against removability.  *See, e.g.*, *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 176 (S.D.N.Y. 2003) ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand." (quotation marks and internal citations omitted)).

### B.      Waiver

It is "well-established that the time limitation for removal and/or joinder of all defendants is not jurisdictional, and may be waived" by plaintiffs.  *In re Consol. Welfare Fund "ERISA" Litig.*, No. 92 Civ. 424, 1992 WL 212348, at *3 (S.D.N.Y. Aug. 21, 1992).  Waiver may occur even where the removing defendant failed to obtain the consent of other defendants necessary to removal.  *See Perkins v. Beltway Capital, LLC*, 773 F. Supp. 2d 553, 556 (E.D. Pa. 2011).

A plaintiff may waive its right to move for remand under these circumstances through "affirmative action in the federal court prior to making a motion to remand . . . even if the 30-day period has not expired."  16-107 MOORE'S FEDERAL PRACTICE - CIVIL § 107.41; *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 487 (2d Cir. 1998).  More precisely:

> A plaintiff may not voluntarily invoke and then disavow by way of remand motion federal jurisdiction following removal.   Stated differently, a plaintiff may not take affirmative action in federal court after removal without risking waiving the right to remand, even when the 30-day period has not expired.  Thus, for example, a plaintiff waives a claim of improper removal by stipulation to be bound by a decision in a consolidated action in federal court. Further, when a plaintiff voluntarily amends the complaint in federal court, the plaintiff ordinarily waives the right to remand.

MOORE'S FEDERAL PRACTICE, § 107.41 (footnotes omitted).

As one court in this District has explained, "[s]uch a waiver or estoppel may be found where . . . the plaintiff has engaged in 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'"  *In re Consol. Welfare Fund*, 1992 WL 212348, at *3 (quoting *Transport Indemnity Co. v. Financial Trust Co.*, 339 F. Supp. 405, 408 (C.D. Cal. 1972)).  In other words:

> To constitute a waiver . . . there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial, or the right to take depositions, or has filed an amended complaint seeking further or different relief from the federal court.

*Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968) (citations omitted); *see also Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc.*, 563 F. Supp. 489, 493 n.8 (E.D. Ark. 1983) ("If the non-removing party has taken significant action in the federal court, such as amending the complaint to assert new legal theories, requesting injunctive relief, filing a motion for summary judgment, or invoking the aid of the court to engage in extensive discovery, then it can be forcefully argued that it has essentially acquiesced to a disposition of the case by the federal court."); *Oil Tank Cleaning Corp. v. Reinauer Transp. Co.*, 149 F. Supp. 401, 402 (E.D.N.Y. 1957) (noting that waiver "depends upon the benefit obtained . . . during the period the action remained in the Federal Court or upon [an] attempt to obtain some advantage, or upon . . . postponing the motion for remand until confronted with some disadvantage").

Determinations of whether a plaintiff has waived the right to move for remand through affirmative action in the federal forum are deeply fact- and context-sensitive.  It is therefore

difficult to describe in general terms the sorts of action that necessarily constitute waiver. *See, e.g.*, *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) ("[T]he district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings."); *Knowles v. Hertz Equip. Rental Co.*, 657 F. Supp. 109, 110 (S.D. Fla. 1987) ("The exact quantity or quality of conduct on Plaintiffs' part which would evidence waiver of the Petition's defect or consent to removal is less than clear.").

Courts have refused to find waiver where a plaintiff filed a successful motion to quash a deposition subpoena and filed a response to a motion for summary judgment, *see Feller v. National Enquirer*, 555 F. Supp. 1114, 1120-21 (N.D. Ohio 1982), where a plaintiff had participated in some discovery, *see, e.g.*, *American Oil Co. v. Egan*, 357 F. Supp. 610, 612, 614 (D. Minn. 1973); *Oil Tank Cleaning Corp. v. Reinauer Transp. Co.*, 149 F. Supp. 401, 402 (E.D.N.Y. 1957), where a federal summons issued as to one of the defendants, *see Mayers v. Connell*, 651 F. Supp. 273, 275 (M.D. La. 1986), where the plaintiff filed a motion for sanctions in conjunction with the motion to remand, *see Barcena v. State of Ill., Dept. of Ins.*, No. 92 Civ. 2568, 1992 WL 186068, at *2 (N.D. Ill. July 27, 1992), and where the parties held settlement negotiations, *see DiMeglio v. Italia Crociere Internazionale*, 502 F. Supp. 316, 318 n.1 (S.D.N.Y. 1980).  In contrast, courts have found waiver where a party "supplement[ed] a complaint, litigat[ed] a summary judgment motion, or engage[ed] in a trial," *Lapoint v. Mid-Atl. Settlement Services, Inc.*, 256 F. Supp. 2d 1, 3 (D.D.C. 2003), where a plaintiff sought to consolidate its case with a related case in federal court, *Am. Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 299 (S.D.N.Y. 1999), where a plaintiff filed a note of issue and a demand for jury trial before moving for remand, *Green v. Zuck*, 133 F. Supp. 436, 438 (S.D.N.Y. 1955), and where "before filing her motion to remand . . . plaintiff entered into

stipulations, filed requests for discovery, sought to amend her complaint, filed a new lawsuit against the defendant in the federal court, demanded trial by jury, and proceeded with discovery," *Lanier*, 843 F.2d at 905.

Umami cites two cases in which courts concluded that a motion for an order of default constitutes sufficient availment of the federal court's jurisdiction to result in waiver of the right to seek remand. Specifically, Umami cites *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260 (D. Or. 2001), and *Giraudo v. Henkels & McCoy*, No. 93 Civ. 548, 1993 WL 302354 (D. Or. July 28, 1993). Judge Jones reasoned in *Riggs* that "an order of default, whether 'substantive or not,' carries great significance . . . once the default order is entered, the defaulted party can no longer contest liability." 223 F. Supp. 2d at 1272.

Other courts, however, have disagreed with or distinguished *Riggs* and *Giraudo*. In 2007, Judge Illston concluded that "in the context of this case, the naked request to enter default does not demonstrate sufficient activity in federal court such that remand would violate principles of fairness," since "plaintiffs in the present case filed no documents in support of their request to enter default and they did not seek default judgment." *Alarcon v. Shim Inc.*, No. 07 Civ. 2894, 2007 WL 2701930, at *3 (N.D. Cal. Sept. 13, 2007). She added that "plaintiffs here did not file any other motions with this Court or wait until matters were unsuccessfully adjudicated before moving to remand," noting that "the filing of the request for default caused defendants no harm." *Id.* (citations omitted). Numerous courts have reached similar conclusions. *See, e.g.*, *Roylance v. ADT Sec. Services, Inc.*, No. 08 Civ. 1101, 2008 WL 2168690, at *5 (N.D. Cal. May 22, 2008) ("This Court agrees with those courts that have concluded that the filing of a jury demand and the filing of a request for clerk's entry of default are insufficient to waive procedural defects in removal."); *Fletcher v. Solomon*, No. 06 Civ.

7

5492, 2006 WL 3290399, at *4 (N.D. Cal. Nov. 13, 2006) ("While it might be fair to not remand

this action based on the plaintiffs' unsuccessful default request, the other concerns of economy,

convenience, and comity would be served by returning to state court what is now at an early

stage a purely state-law action."); *Innovacom, Inc. v. Haynes*, No. 98 Civ. 68, 1998 WL 164933,

at *2 (N.D. Cal. Mar. 17, 1998) ("The Court also concludes that plaintiff's requests for entries of

default do not make it 'offensive to fundamental principles of fairness' in this case to allow

plaintiff to argue that defendants' removal was defective."); *Noel v. Pizza Hut, Inc.*, No. 91 Civ.

1201, 1991 WL 192117, at *2 (D. Kan. Sept. 18, 1991) ("Defendants argue that by participating

in this case while it has been pending in federal court, the plaintiffs have waived any objections

they have to removal.  The court disagrees.").

      Indeed, it is clear that the view espoused in the cases cited by Umami—that the bare

request for a Clerk's Certificate of Default by a plaintiff results in waiver of the right to seek

remand due to procedural defect—constitutes the minority position among the district courts to

have considered the issue.  This is unsurprising, particularly in contexts where a plaintiff has not

filed papers with a court requesting default judgment or filed any other motions.  As Judge

Urbina has recognized, "merely engaging in offensive or defensive litigation (such as limited

discovery) . . . does not forfeit the right to a remand."  *Lapoint*, 256 F. Supp. 2d at 3; *see also*

*Pietrangelo v. Alvas Corp.*, No. 09 Civ. 68, 2010 WL 3322711, at *6 (D. Vt. Mar. 11, 2010)

*aff'd*, 487 F. App'x 629 (2d Cir. 2012) ("[Plaintiff] cites no authority, and the court has found

none, which requires or even permits a party that has requested remand to refrain from all action

in federal court . . . silence is not the mechanism for preserving an objection to removal.").

      Given Plaintiffs' minimal use of the federal forum, the fact that Plaintiffs have not filed

any other motions, weighty concerns of efficiency and comity in the disposition of these state

law claims, the absence of any demonstrable prejudice to any defendant in this case, and a general assessment of the fundamental fairness of the matter, the Court concludes that Plaintiffs did not waive their right to seek remand on the basis of alleged procedural defects by requesting and obtaining a Clerk's Certificate of Default before they filed this motion.

> **C.      Unanimity**

Under certain circumstances, 28 U.S.C. § 1441 authorizes the removal of cases to federal court.  As Judge McMahon has explained:

> Notice of Removal must be filed in accordance with 28 USC § 1446(a) & (b). There are only a few requirements: (1) that the Notice be signed in accordance with Rule 11, which requires the signature of at least one attorney of record in his own name; (2) that it contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action; and (3) that the notice be filed within thirty (30) days of service of summons or complaint.

*Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 476-77 (S.D.N.Y. 2001).  In this Circuit, however, district courts "have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity."  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (citing *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006)).  This rule "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand."  *Zerafa v. Montefiore Hosp. Housing Co.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005) (citation omitted).  "Courts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity."  *Patrick v. Porter-Cable Corp.*, No. 10 Civ. 131, 2010 WL 2574121, at *3 (D. Conn. Apr. 1, 2010).

"Three exceptions to the rule of unanimity have, however, been recognized, permitting a removing defendant to forego securing the consent of any co-defendant who: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely [a] nominal or formal part[y]; or (3) is not subject to the removed claim[, which] is a separate and independent claim [from those asserted against the non-consenting defendant] as defined by 28 U.S.C. § 1441(c)." *Heller v. New York City Health & Hosps. Corp.*, No. 09 Civ. 6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010).

"Although [the Second Circuit has] not yet advised what form a consent to removal must take," it has agreed that the defendants who did not join a notice of removal "must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012); *see also In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012) ("While it is not necessary for every defendant to sign the removal petition itself, most courts have required each defendant to submit some form of unambiguous written evidence of consent to the Court within the thirty-day period." (citing *Payne*, 172 F. Supp. 2d at 477)). "[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y. 1998) (internal quotation marks and citation omitted); *accord Kiryas Joel*, 2012 WL 1059395, at *3; *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999). "The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *Kiryas Joel*, 2012 WL 1059395, at *3 (citing *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y.  2010)).

10

Plaintiffs argue that the Court must remand because the Notice does not comply with the rule of unanimity.  In their view, Aurora and Steindorsson were properly served, did not join the Notice, and did not thereafter provide valid consent to removal.  As to Steindorsson, Umami offers three responses: (1) Steindorsson validly consented by authorizing counsel to Umami to indicate his consent on the Notice; (2) Steindorsson validly consented once again in his September 19, 2012 declaration; and (3) in light of the requirement that an unserved defendant need not consent to removal, Steindorsson's continuing insistence that he has not been properly served precludes application of the rule of unanimity—notwithstanding the fact that "Umami takes no position as to whether the purported service on Steindorsson was valid."

Umami's first and second arguments as to Steindorsson fail because of the well-settled rule that a defendant must either actually join in a notice of removal or independently express to the Court his or her consent to removal within the thirty-day period.  *See Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 224 (N.D.N.Y. 2001) ("While each defendant must consent to the removal petition, it is not required that all defendants sign the removal petition itself.  Rather, courts typically require that each defendant timely submit some form of 'unambiguous written evidence of consent.'" (citations omitted)).[1]  Umami cites two recent cases in support of its position, namely *Newkirk v. Clinomics Biosciences, Inc.*, No. 06 Civ. 553, 2006 WL 2355854 (N.D.N.Y. Aug. 15, 2006), and *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10 Civ. 3052, 2011 WL 1236121 (S.D.N.Y. Mar. 31, 2011), but these cases stand only for the familiar proposition that defendants who do not join a notice of removal can cure that defect by filing

---

[1] Although courts in this District appear to disagree about the date from which this thirty-day clock runs when defendants in a multiple defendant case are not served at the same time, *see Fisher v. Bldg. Services 32-B-J Health Fund*, No. 96 Civ. 4317, 1997 WL 590843, at *3 (S.D.N.Y. Sept. 22, 1997), that issue is not implicated by this case.

11

unambiguous written evidence of consent with the Court in a timely fashion. Here, the affidavit filed by Steindorsson several months after the Notice does not satisfy that rule.

A third case cited in Umami's brief, *Sicinski v. Reliance Funding Corp.*, does directly support Umami's view that an affidavit in which defendants indicate their consent to removal, even if filed after the time to petition for removal has passed, will cure a defect of non-joinder to the notice of removal. 461 F. Supp. 649, 652 (S.D.N.Y. 1978). *Sicinski*, however, is several decades old and cites no legal authority for this proposition. For that reason, and because it adopts an unduly creative view of district court authority to ignore or allow defendants to cure defects in a notice of removal, *Sicinski*'s authority as a correct statement of the law has been repeatedly called into doubt. *See, e.g.*, *Edelman v. Page*, 535 F. Supp. 2d 290, 294 (D. Conn. 2008) ("[The] removal analysis in *Sicinski* has been called into question by a number of courts."); *Bailey v. Boston Scientific Corp.*, No. 07 Civ. 2949, 2007 WL 4180798, at *4 (E.D.N.Y. Nov. 20, 2007) ("Reliance on *Sicinski* . . . is problematic because, in doing so, the Court would fail to acknowledge principles associated with removal. Namely, the removal statute does not invest courts with the discretion to overlook or excuse a failure to meet the removal statute's requirements."); *Sansone v. Morton Mach. Works, Inc.*, 188 F. Supp. 2d 182, 185 (D.R.I. 2002) ("[T]o the extent that *Sicinski* suggests that it is sufficient for one defendant to represent that all defendants have consented to removal, *Sicinski* is contrary to the overwhelming weight of authority requiring that each defendant independently notify the court of its consent." (collecting cases)); *Town of Moreau v. State Dept. of Envtl. Conservation*, No. 96 Civ. 983, 1997 WL 243258, at *6 n.31 (N.D.N.Y. May 5, 1997) ("Given the development of the case law since *Sicinski*, however, Judge Pollack's observation no longer carries much weight. Moreover, there is ample case support for the view that amendments to removal notices to remedy substantive

12

defects, which arguably is what occurred in *Sicinski*, also must be accomplished within thirty days after the first defendant receives the initial state court pleading."); *Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F. Supp. 198, 202 (N.D. Tex. 1990) ("*Sicinski* cites absolutely no authority for granting a defendant permission to supplement the notice of removal to cure such a defect in the original removal petition.").

In sum, the Court concludes that *Sicinski* does not correctly state the law.  Rather, in line with a body of clear and settled precedent, the Court holds that "[e]ven where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." *Kiryas Joel*, 2012 WL 1059395, at *3 (citations omitted).

This leaves only Umami's third argument: that Steindorsson was not properly served with process—or rather, that notwithstanding Umami's nominal lack of position on the validity of this service, Steindorsson's unexplained and conclusory assertion that service was improper suffices to establish an exception for purposes of the rule of unanimity.  Given that Steindorsson is the Chairman of Umami, it is particularly surprising that *neither* Umami *nor* Steindorsson has any thoughts to offer regarding the nature of the alleged defect in service.

In any event, Umami's argument must be rejected.  "A removing party [] bears the burden of demonstrating both the existence of subject-matter jurisdiction *and compliance with the relevant procedural requirements*." *St. Vincent's Hosp. of Staten Island v. Taylor*, No. 07 Civ. 967, 2007 WL 2325073, at *2 (E.D.N.Y. Aug. 10, 2007) (emphasis added).  Accordingly, "[w]hen the removal of an action to federal court is contested, the burden falls squarely upon the

removing party to establish its right to a federal forum by competent proof." *Stan Winston*, 314

F. Supp. 2d at 179 (quotation marks and citations omitted).

Although the rule of unanimity does not require consent of defendants who have not been

served with process, *Heller*, 2010 WL 481336, at *2, the law is less than clear about how

removing defendants should address other defendants who have not joined the removal petition

or provided valid consent to removal and who assert improper or defective service.[2]  *See, e.g.*,

*Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, No. 09 Civ. 1937, 2010 WL 1711767, at *3 (N.D.

Tex. Apr. 28, 2010) ("[C]ourts are divided concerning whether a removing defendant can forgo

obtaining a codefendant's joinder or consent on the ground that service of process on the non-

removing defendant was defective.").  In some cases, courts have allowed the removing

defendant to show that the rule of unanimity has not been breached by demonstrating that service

on a non-consenting defendant was, in fact, improper.  *See, e.g.*, *Edley v. Avis Rent A Car Sys.,*

*LLC.*, No. 03 Civ. 5065, 2004 WL 594917, at *2 (S.D.N.Y. Mar. 25, 2004) ("Defendants counter

that Medina was not properly served, and therefore, under 28 U.S.C. § 1441 as it has been

judicially interpreted, was not a necessary party to the removal petition.  The outcome of this

motion, therefore, turns on the question of whether Medina was properly served as of July 8,

2003, when defendants filed their notice of removal." (internal citation omitted)).

---

[2] Where non-consenting defendants who have been served with process do *not* challenge the validity of that service, and only the removing defendant itself challenges the validity of service on the non-consenting defendants, courts have concluded that the removing defendant cannot invoke alleged technical defects in the service of process on non-consenting defendants to invoke the unserved defendant exception to the rule of unanimity.  *See, e.g.*, *Dugan v. Citibank Credit Card Issuance Trust*, No. 06 Civ. 484, 2007 WL 656316, at *1 (D.N.H. Feb. 26, 2007) ("Based on the parties' filings, it appears that the nonconsenting defendants were served and have not challenged the validity of service of process.  [Removing Defendant] cannot raise the technical defect of [Plaintiff's] failure to file the return receipts in state court to avoid the rule of unanimity. Therefore, [Removing Defendant] has not shown that removal of this case satisfied the rule of unanimity, and the case must be remanded to state court.").

14

In other cases, however, courts have recognized a difference between the procedures for testing the validity of service "for purposes of obtaining in personam jurisdiction over a party" and "for purposes of triggering the consent requirement of the rule of unanimity." *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 121 (D. Mass. 2006). Those courts have noted that, because "defects concerning service of process are waivable" by the served party, "[removing defendants] cannot complain about any alleged deficiencies about service of process on [non-consenting defendants], and [removing defendants'] objections to service of process on [non-consenting defendants] are not grounds for failing to secure [non-consenting defendants'] joinder in the removal notice." *Id.* at 122. As summarized by Judge Fitzwater:

> [Some courts] have concluded that the removing defendant does not have "standing" to challenge collaterally the service of process on the non-removing defendant. These courts point out that defects in service of process are waivable, which indicates that the right to be served with process is personal. Under this approach, the removing defendant must secure the joinder or consent of every defendant who appears to have been served—even those who may have been improperly served—because the removing defendant cannot argue that joinder or consent is unnecessary based on the ineffectiveness of service on another defendant, i.e., a defect that is waivable by the non-removing defendant. The removing defendant's objections to service of process on [the non-removing defendant] are not grounds for failing to secure [the non-removing defendant's] joinder in the removal notice. Essentially, although service may not be effective for purposes of obtaining *in personam* jurisdiction over the defendant, it may be effective for purposes of triggering the consent requirement of the rule of unanimity

*Marquette*, 2010 WL 1711767, at *3 (quotation marks and internal citations omitted); *see also Seguros Comercial Am., S.A. de C.V. v. Am. President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996) ("Thus, [Removing Defendant] cannot complain about any alleged deficiencies about service of process on [Non-Consenting Defendant], and [Removing Defendant's] objections to service of process on [Non-Consenting Defendant] are not grounds for failing to secure [Non-

15

Consenting Defendant's] joinder in the removal notice." (citation omitted)); *Hess v. Great Atl. & Pac. Tea Co., Inc.*, 520 F. Supp. 373, 376 (N.D. Ill. 1981) ("Unless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of the removal must join in the petition.").

   The Court need not decide between these two approaches to resolve this case, since Umami would fail to satisfy the rule of unanimity on either view.

   On the first view, to remain in federal court, Umami must demonstrate that an exception to the rule of unanimity applies—to wit, that service on Steindorsson was, in fact, improper. In that task, Umami carries an affirmative duty to prove compliance with the procedures that govern removal, including the rule of unanimity. *See Goel*, 823 F. Supp. 2d at 210 ("The party asserting federal jurisdiction generally bears the burden of proving that the case is properly in federal court." (citation omitted)). Thus, Umami must do more than assert the inadequacy of process of Steindorsson or recite Steindorsson's objections. It must point to some defect.

   Notwithstanding this duty, Umami purports to take no position on the matter, insisting that it remains agnostic regarding the validity of service on Steindorsson even as it relies on the purported inadequacy of that service to evade the rule of unanimity. Rather, Umami points only to an affidavit from Stendorsson, its own Chairman and majority shareholder, that offers little more than a blanket claim of improper service. This affidavit, in turn, is unsupported by any factual details or exhibits. Even assuming arguendo that Umami could prevail without taking a position on the validity of service on Steindorsson—an assumption the Court regards with doubt—then surely it would have to do more than introduce a self-serving affidavit from Steindorsson insisting conclusorily on the impropriety of service. Otherwise, the burden on defendants to prove compliance with the rule of unanimity would become little more than a

fiction, easily marginalized in each case by late-filed affidavits from non-consenting defendants bearing conclusory assertions of improper service.[3]

But continuing on, even if the Court—out of an abundance of caution—were to examine the propriety of service on Steindorsson by considering the available evidence, it would conclude that service on Steindorsson *was* proper and that Umami still breached the rule of unanimity.

Where "the question is not lack of service but improper service," federal courts "must apply the law of the state under which service was made."  *In re Pharm. Indus. Average*, 431 F. Supp. 2d at 121 (quotation marks and citations omitted); *accord Weiss v. Glemp*, 792 F. Supp. 215, 224 (S.D.N.Y. 1992).  In this case, the relevant state is California, whose law regarding substituted service provides that:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business  . . . in the presence of a . . . person apparently in charge of his or her office  . . .  at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b).  "The [California] Supreme Court's admonition to construe the process statutes liberally extends to substituted service as well as to personal service."  *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992).

---

[3] Umami suggests in its brief that this is an unfair outcome, since "Umami had to accept Steindorsson's contention that he was not properly served."  Even if this were true—and the relation between Steindorsson and Umami renders that claim quite implausible—it is well-established that "[t]he defendant's right to remove and the plaintiff's right to choose the forum are not equal . . . ."  *Wilds*, 262 F. Supp. 2d at 176.

In California, "an individual may be served by substitute service only after a good faith effort at personal service has first been made." *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011). "The burden is on the plaintiff to show that the summons and complaint cannot with reasonable diligence be personally delivered to the individual defendant." *Id.* (internal citation and quotation omitted). "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" *Id.*

In statements accompanied by supporting documentation, Plaintiffs report that they "attempted personal [service] on four separate days at [Steindorsson's] actual place of business." After attempting service four times—June 12, 13, 14, and 18—Plaintiffs delivered the Summons and Complaint to a person of suitable age and discretion at Umami's offices for delivery to Steindorsson and mailed them to Steindorsson at that same address. Thus, substituted service was properly effected pursuant to the procedures set forth by California law. Defendants offer no facts or legal arguments that would give this Court reason to doubt that conclusion.

Accordingly, if the Court were to follow other cases that allow a removing defendant to contest the validity of service on non-consenting defendants, it would hold that remand is proper because Umami failed to comply with the rule of unanimity.

In the alternative, if the Court were to follow the line of cases holding that a removing defendant must obtain the consent of all defendants who were served with process, even if those defendants contest the propriety of service, it would reach the same conclusion.

### D.    Remand

Because Plaintiffs have not waived their right to move for remand and Umami has failed to comply with the rule of unanimity, the Court must grant Plaintiffs' motion and remand this case to the Supreme Court of the State of New York, County of New York.

18

E.      **Attorneys' Fees and Costs**

"Section 1447(c) provides that a district court may, in its discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007) (quoting 28 U.S.C. § 1447(c)).  "The statute as a whole, particularly the reference that an order remanding the case '*may* require payment' of costs and fees, affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."  *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (internal citation omitted).  The Supreme Court has explained the purpose and proper application of § 1447(c):

> Congress . . . would not have enacted § 1447(c) if its only concern were avoiding deterrence of proper removals.  Instead, Congress thought fee shifting appropriate in some cases.  The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.  The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these large objectives, the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005) (quotation marks and internal citations omitted).  The Second Circuit has noted that it "agree[s] with the Seventh Circuit that 'if clearly established law did not foreclose a defendant's basis for removal, then a district court

should not award attorneys' fees,' and '[d]istrict court decisions, let alone conflicting district court decisions, do not render the law clearly established.'"  *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)).

        Applying this rule, the Court concludes that an award of attorneys' fees and costs is not warranted in this case.  When Umami filed its notice of removal, it lacked Aurora's consent and merely recited in the Notice that Steindorsson consented.  The question is whether it was objectively unreasonable for Umami to have believed that conveying Steindorsson's purported "consent" in the Notice constituted compliance with the requirements for removal jurisdiction as clearly established in the Second Circuit.  Although district court authority in support of Umami's arguments is scant, unpersuasive, and contrary to the clear weight of precedent, there nonetheless remains at least a small measure of disagreement among district courts.  Further, though it has required that a defendant who did not joined a notice of removal "independently express [] consent to removal," the Second Circuit has acknowledged that it has "not yet advised what *form* a consent to removal must take."  *Pietrangelo*, 686 F.3d at 66 (citations omitted). Because the Second Circuit has not clearly addressed the adequacy of a removal notice in which the removing defendant presents itself as formally authorized to indicate consent on behalf of another defendant who has not joined that removal notice, the Court cannot deem Umami's arguments objectively unreasonable.[4]  Plaintiffs' motion for attorneys' fees and costs must

---

[4] This is admittedly a close call, since the Second Circuit opinion in *Pietrangelo* approvingly cited two opinions—namely *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 458 (E.D.N.Y. 2003), and *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998)—in which district judges very strongly implied that only unambiguous evidence from the non-consenting defendant, submitted to the court in a timely fashion, would suffice to indicate consent.  *See Ricciardi*, 215 F.R.D. at 458 ("The rule of unanimity requires that all named defendants file with court some form of unambiguous written evidence of consent to removal."); *Codapro*, 997 F. Supp. at 325 ("While courts generally do not require all defendants to sign the removal petition itself, most courts have

therefore be denied, since Umami's use of removal procedures fell just shy of the line that separates a particularly weak legal argument from an objectively unreasonable position.

III.    **Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED, Plaintiffs' motion for attorneys' fees and costs is DENIED, and Defendants' motion to dismiss is DENIED as moot.

This case is hereby REMANDED to the Supreme Court of the State of New York, County of New York.

The Clerk of Court is directed to close the motions at Dkt. Nos. 20 and 25, and to terminate this case.

SO ORDERED.

Dated: New York, New York
        March 26, 2013

_____
J. PAUL OETKEN
United States District Judge

---

required some form of unambiguous written evidence of consent to the court in timely fashion. Specifically, [e]ach [defendant] must independently and unambiguously file notice of [ ] consent and [ ] intent to join in the removal." (quotation marks and internal citations omitted)). However, one of these district court opinions also hinted—in this Court's view, and in the view of many other courts, incorrectly—that an indication of consent from another, authorized defendant might suffice.  *See Codapro*, 997 F. Supp. at 325 ("[T]here must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." (quotation marks and citation omitted)).  Given the Second Circuit's recent warning that law must be *clearly established* to trigger a determination of objective unreasonableness, the Court concludes that this ambiguity in *Pietrangelo*'s main text and use of citations prevents a finding that Umami must bear Plaintiffs' attorneys' fees and costs.

21